**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**RUTH E. BUCK and DONALD J. BUCK,**

                                **Plaintiffs,**

                  v.                              **3:02-CV-1142**
                                                          **(FJS/DEP)**

**THOMAS LIBOUS, FRANCES LIBOUS,**
**JOSEPH BAZATA, JOAN BAZATA and**
**LOUISE PROFFIT,**

                                **Defendants.**

---

**APPEARANCES**                                       **OF COUNSEL**

**RUTH E. BUCK**
**DONALD J. BUCK**
Red Bank, New Jersey 07701-1221
Plaintiffs *pro se*

**YOUNG & YOUNG**                          **JOHN W. YOUNG, ESQ.**
22 Riverside Drive
Binghamton, New York 13905
Attorneys for Defendants Thomas and
Frances Libous

**OFFICE OF FRANK M. COMO**             **FRANK M. COMO, ESQ.**
440 Waverly Street
Waverly, New York 14892
Attorneys for Defendants Joseph and
Joan Bazata

**GARUFI LAW FIRM**                        **CARMAN M. GARUFI, ESQ.**
45 Chanango Street
Binghamton, New York 13901
Attorneys for Defendant Louise Proffit

**SCULLIN, Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Remaining in this action are Plaintiffs' claims (1) against Defendants Thomas and Frances Libous ("Libous Defendants") for obstruction of Plaintiffs' easement and (2) against Defendants Joseph and Joan Bazata ("Bazata Defendants") and Defendant Proffit for injurious falsehood and slander of title. Plaintiffs seek injunctive relief, declaratory relief, monetary damages, compensatory damages, punitive damages, special damages, exemplary damages, restoration of the easement and right-of-way, removal of obstructions, costs, and expenses.

Currently before the Court are the Libous Defendants', the Bazata Defendants', and Defendant Proffit's motions for summary judgment and Plaintiffs' motion for injunctive relief; declaratory relief or, in the alternative, a decree quieting title; an order of partition or sale or, in the alternative, an order for removal of structures; protective relief concerning certain discoverable material; and a change of venue for jury trial.

## II. BACKGROUND

The following facts are not in dispute.[1] On October 1, 1955, Frances and Alvah E. Chandler purchased approximately twenty-two acres, of land, at the southeast corner of Oquaga Lake Road and Golf Course Road, in the Town of Sanford, New York, which was comprised of

---

[1] Plaintiffs have not responded to the Libous Defendants' Statement of Material Facts. Therefore, the Court deems Plaintiffs to have admitted the assertions contained therein. *See* L.R. 7.1(a)(3).

tax map parcels #218.16-29, #218.16-35, #218.16-36, #218.16-37, and #218.16-38.  On August 11, 1961, Frances Chandler sold and transferred parcel #37, together with an easement and right of way to the lake over parcel #29, to Richard P. and Theresa M. Buck.  The indenture that effected this transaction provided, in pertinent part, that

> [t]here is likewise conveyed herewith by the grantor herein, Frances K. Chandler, the following special rights and privileges:
>
> 1. An easement and right of way which shall be a covenant running with the land to the grantees, their assigns and to the survivor of them, his or her distributees and assigns, to use the remaining land now owned by Frances K. Chandler as set forth in a Deed recorded in the Broome County Clerk's Office in Book 910 of Deeds at Page 123 and fronting on and adjoining Oquaga Lake as well as the lake itself to the extent of Frances K. Chandler's rights therein for, but not limited to, boating, swimming, water skiing, picnicking, fishing, skating, use of the existing dock and otherwise to enjoy said land and lake.  The grantees, their assigns and the survivor of them, his or her distributees and assigns, agree to pay their proportionate share of the expense of maintaining or replacing the existing dock as there are separate ownerships of land with the right to use said dock.
>
> 2. A single right of way over the remaining lands of the party of the first part from the land herein conveyed to the parties of the second part, their assigns and to the survivor of them, his or her distributees and assigns, adequate for foot or vehicular traffic as is necessary to enable the grantees, their assigns and to the survivor of them, his or her distributees and assigns, to enjoy the aforementioned assessment, said right of way so used to be as it now exists in its present location and width.
>
> 3. The grantees, their assigns and the survivor of them, his or her distributees and assigns, shall have the right and privilege to convey the aforesaid easement along with any conveyance of title by them of the whole or part thereof, and this right shall not be split among owners but shall be conveyed as a single right to go with the premises hereby conveyed or part thereof without further division.
>
> * * *

*See* Dkt. No. 213 at Exhibit "N" at 3.  On September 29, 1961, Frances Chandler sold and

transferred a fee interest in parcel # 35 to Orel and Beatrice Orvis, together with a substantially similar easement and right of way as that which she granted to Richard P. and Theresa Buck. On August 3, 1964, Richard P. and Theresa Buck sold and transferred their fee interest in parcel #37 to Joseph M. and Susan N. Buck. Thereafter, Joseph M. and Susan N. Buck sold and transferred their fee interest in parcel #37 to Plaintiffs.

On May 4, 1983, Frances Chandler deeded conveyed parcels #29 and #38 to Defendant Proffit, Mary L. Bausch, and Jon A. Chandler. On May 5, 1985, Defendant Proffit, Mary L. Bausch, and Jon A. Chandler deeded and conveyed parcels #29 and #38 to the Bazata Defendants. On August 7, 1989, the Bazata Defendants deeded and conveyed parcel #38, together with a ten-foot easement along the northern boundary of parcel #29, to Joseph and Glenda Lichaa. On December 3, 2000, the Bazata Defendants deeded and conveyed parcel #29 ("subject property") to the Libous Defendants.

On January 21, 2001, the Libous Defendants entered into a modification/clarification agreement with Scott's Oquaga Realty, LLC, clarifying and specifically designating the location, width, and nature of the easement over parcel #29. In September/October 2001, parcel #29 was cleared and the construction of a house and garage commenced. The construction of the house and garage was substantially completed in July 2002.

### III. DISCUSSION

**A.   Summary judgment standard of review**

A court may grant summary judgment when the moving party carries its burden of showing the absence of a genuine issue of material fact. *See* Fed. R. Civ. P. 56(c). In making

-4-

this determination, the court must resolve all ambiguities and draw all reasonable inferences in a light most favorable to the non-moving party. *See Bryant v. Maffucci*, 923 F.2d 979, 982 (2d Cir. 1991) (citation omitted). If the moving party has met its burden, the nonmoving party may not rely upon his pleadings but must come forward with specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

**B.     The Libous Defendants' motion for summary judgment**

   *1. res judicata*

The Libous Defendants contend that Plaintiffs previously litigated the issues involved in this case. In 1973, Plaintiffs filed a complaint in New York State Supreme Court, County of Broome, against Frances K. Chandler; C. Addison Keeler and Charles Yetter, two attorneys who had represented Plaintiffs; and five other persons. *See* Dkt. No. 213 at Pt. 12. In that complaint, Plaintiffs alleged that

> the defendants herein conspired together and maliciously and willfully entered into a scheme or schemes to destroy plaintiffs' rights and easement rights and to interfere with plaintiffs' enjoyment and the enjoyment of their tenants of rights to use land and lake and to fraudulently and deceitfully and purposely prevent plaintiffs from gaining the relief to which they were and are lawfully entitled; and all of the aforementioned rights and easement rights to use land and lake were lawfully conveyed to them by deed recorded in the Broome County Clerk's office on the second day of February 1967 in Liber 1117 of Deeds at Page 76.

*See id.* at ¶ 2. More specifically, Plaintiffs alleged that their attorneys failed to disclose their relationships with Frances Chandler and her attorney, misrepresented the scope of Plaintiffs' easement rights, and failed to adequately represent Plaintiffs' interests. *See id.* at ¶¶ 17-20.

In November 1976, Yetter moved (1) to dismiss Plaintiffs' complaint for failure to state a

claim and (2) for summary judgment on the grounds that Plaintiffs' causes of action were without merit and were commenced beyond the applicable statute of limitations. *See* Dkt. No. 213 at Pt. 13. In the same month, Keeler moved for summary judgment on the grounds that Plaintiffs' causes of action were commenced beyond the applicable statute of limitations, presented no triable issues of fact, and were without merit. *See* Dkt. No. 213 at Pt. 14.

On June 15, 1977, Supreme Court Justice Howard A. Zeller issued a Decision on Yetter's and Keeler's motions. *See* Dkt. No. 213 at Pt. 16. After discussing the background facts and the applicable legal principles, Justice Zeller concluded that

> [t]his action is time barred because the statute commenced running on the date of commitment of the alleged wrong . . . . The alleged malpractice of Attorney Keeler occurred before April 20, 1970, while the alleged malpractice of Attorney Yetter occurred before July 12, 1967. Both dates are more than three years before commencement of this action.
>
> The proof does not reveal that either C. Addison Keeler or Charles Yetter engaged in any conspiracy, was negligent in representing plaintiffs, breached any duty owed plaintiffs, or committed any actionable wrong.
>
> The motion of defendant Charles Yetter for summary judgment dismissing the complaint on the ground that the cause of action as to him has no merit and to dismiss the complaint on the ground that the cause of action is barred by the statute of limitations is granted.
>
> The motion of defendant C. Addison Keeler for summary judgment dismissing the complaint on the ground that the cause of action as to him has no merit and to dismiss the complaint on the ground that the cause of action is barred by the statute of limitations is granted.

*See id.* at 7-8. The Libous Defendants contend that Justice Zeller "ruled on the merits that plaintiff's [sic] easement rights were limited to 10 feet on the northern boundary." *See* Dkt. No. 213 at Pt. 48.

"[A] federal court must give to a state-court judgment the same preclusive effect as

would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under New York law, the "doctrine of *Res judicata* . . . holds that, as to the parties in a litigation and those in privity with them, a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action . . . ." *Gramatan Home Investors Corp. v. Lopez*, 46 N.Y.2d 481, 485 (1979) (internal citations omitted). Contrary to the Libous Defendants' contention, Justice Zeller's Decision did not necessarily decide that Plaintiffs' easement rights were limited to a driveway along the edge of the subject property. Therefore, the Court finds that the Libous Defendants have not established that the doctrine of *res judicata* bars Plaintiffs' obstruction of easement claim.

The Libous Defendants have not discussed the effect of the August 31, 1978 dismissal of the remainder of Plaintiffs' action for neglect of prosecution. *See* Dkt. No. 213 at Pt. 20. New York courts are divided on the effect of such a dismissal. *Compare In re Under the Elms, Inc.*, 1 A.D.3d 373, 374 (2d Dep't 2003) (quotation omitted) (dismissal for want of prosecution is an adjudication on the merits); *with Morales v. N.Y. City Hous. Auth.*, 302 A.D.2d 571, 571-72 (2d Dep't 2003) (citations omitted) (dismissal "for failure to prosecute is not a dismissal on the merits"). Although the New York Court of Appeals has held that the dismissal of an appeal for failure to prosecute bars "a subsequent appeal as to all questions that were presented on the earlier appeal[,]" it has not addressed the issue of the effect of a trial court's dismissal of an action for want of prosecution. *Bray v. Cox*, 38 N.Y.2d 350, 353 (1976). Although *In re Under the Elms, Inc.* cites *Bray* in support of its holding, since an appeal follows an initial adjudication of an action, the considerations that determine the preclusive effect of the dismissal of an appeal

are different from those that determine the preclusive effect of the dismissal of a complaint in a trial court. Therefore, since the parties have not briefed the effect of the dismissal of Plaintiffs' prior action for neglect of prosecution, and the law on this issue is uncertain, the Court declines to consider the effect of that dismissal on the instant action.

### *2. statute of limitations*

"An action for a permanent injunction to remove an obstruction which interferes with an affirmative easement is governed by the six-year Statute of Limitations contained in subdivision 1 of CPLR 213 . . . ." *Filby v. Brooks*, 105 A.D.2d 826, 828 (2d Dep't 1984) (internal citation omitted). The Libous Defendants contend that Plaintiffs' obstruction of easement claim accrued on June 18, 1966, when they received notice of the destruction of the dock on the subject property to which they claimed a right of use.

Although the record indicates that Plaintiffs have known for over thirty years that a dispute existed with respect to the extent of their easement, it does not indicate that anyone before the Libous Defendants built a structure on the subject property. The construction of the Libous Defendants' house certainly represented "'a different [and] more extensive violation'" of Plaintiffs' alleged easement. *Id.* (quotation omitted). Consequently, Plaintiffs' cause of action for obstruction of easement accrued when construction of the Libous Defendants' house commenced in 2001. Therefore, the Court finds that the applicable statute of limitations does not bar Plaintiffs' claim against the Libous Defendants.

### *3. laches*

To establish laches, a party must show: (1) conduct by an offending party

> giving rise to the situation complained of, (2) delay by the complainant in asserting his or her claim for relief despite the opportunity to do so, (3) lack of knowledge or notice on the part of the offending party that the complainant would assert his or her claim for relief, and (4) injury or prejudice to the offending party in the event that relief is accorded the complainant . . . .

*Cohen v. Krantz*, 227 A.D.2d 581, 582 (2d Dep't 1996) (internal citation omitted). In the instant case, the allegedly offending conduct was the Libous Defendants' construction of their home on the subject property, which began in September/October 2001. *See* The Libous Defendants' Statement of Material Facts, Dkt. No. 213 at Pt. 8, at ¶ 40. Plaintiffs continually monitored the clearing of the subject property and construction of the Libous Defendants' house from June 2001 to December 2001. *See id.* at ¶ 41. The construction was substantially completed in July 2002. *See id.* at ¶ 42. Plaintiffs filed the instant action on September 5, 2002. *See* Dkt. No. 1. At no time prior to that date did Plaintiffs seek to enjoin or preclude the Libous Defendants from constructing their home on the subject property. *See* Dkt. No. 213 at Pt. 8 at ¶ 44. Although the Libous Defendants do not identify the form of prejudice that they believe they will suffer, presumably it is the cost of constructing their house if Plaintiffs prevail in their request to have it removed. It thus appears that the first, second, and fourth elements of the defense of laches are present in the instant case.

However, Plaintiff Ruth E. Buck asserts that she wrote a letter to Defendant Thomas Libous on June 28, 2001, in which she stated that "'PLEASE BE ADVISED that my husband, Donald Buck, and I, have certain rights in this property as conveyed to us by deed.'" *See* Affidavit of Ruth E. Buck, sworn to January 11, 2005, Dkt. No. 233, at ¶ 57. She also asserts that she wrote another letter to Defendant Thomas Libous on July 11, 2001, in which she stated,

-9-

"'May I ask you to call us or write so that this matter can be discussed and hopefully resolved. I believe this is a kind of matter that could lead to litigation which might be avoided.'" *See id.* There is, thus, at least a question of fact with respect to whether the Libous Defendants had notice or knowledge of Plaintiffs' intent to assert a claim for relief. Therefore, the Court finds that the Libous Defendants have not shown that the doctrine of laches bars Plaintiffs' obstruction of easement claim.[2]

### 4. estoppel by silence

In support of their argument that the doctrine of estoppel by silence applies, the Libous Defendants cite *Stockdale v. Hughes*, 189 A.D.2d 1065 (3d Dep't 1993). However, that case only discusses the standard doctrine of laches. *See id.* However, New York law does recognize the doctrine of estoppel by silence. *See Electrolux Corp. v. Val-Worth, Inc.*, 6 N.Y.2d 556, 564 (1959) ("'Where a person wronged is silent under a duty to speak . . . he acquiesces in and assents to it and is equitably estopped from impeaching it.'" (quotation omitted)). The Libous Defendants have not identified any case that holds that an easement holder has a duty to speak when the easement is infringed. However, more problematic for the Libous Defendants are Plaintiff Ruth E. Buck's June 28, 2001 and July 11, 2001 letters to Defendant Thomas Libous. These letters gave the Libous Defendants notice that Plaintiffs believed that they were infringing upon Plaintiffs' easement rights and that litigation was a possible consequence of the continued alleged infringement. Therefore, the Court finds that the Libous Defendants have not shown that

---

[2] Furthermore, even if the Libous Defendants could show that the doctrine of laches was applicable, it would probably bar only part of the relief that Plaintiffs seek. Although the doctrine of laches might bar Plaintiffs' request to have the Libous Defendants' house removed, it would likely not bar a claim for money damages.

the doctrine of estoppel by silence bars Plaintiffs' obstruction of easement claim.

### 5. collateral estoppel

"The doctrine of collateral estoppel, a narrower species of *res judicata*, precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity . . . ." *Ryan v. N.Y. Tel. Co.*, 62 N.Y.2d 494, 500 (1984) (internal citations omitted). The Libous Defendants contend that Plaintiffs are seeking to re-litigate issues that were resolved in the state-court action that they filed in 1973. However, the Libous Defendants do not specify which issues they believe were previously resolved. Presumably, they have in mind the issue of the scope of Plaintiffs' easement rights. However, as the Court noted above, Justice Zeller, in his June 15, 1977 Decision, did not necessarily determine the scope of Plaintiffs' easement rights. His conclusion that Plaintiffs' legal malpractice claims against Yetter and Keeler were without merit did not necessarily entail any conclusion about the scope of Plaintiffs' easement. Therefore, the Court finds that the doctrine of collateral estoppel does not bar Plaintiffs' obstruction of easement claim.

### 6. equitable estoppel

The Libous Defendants' argument as to why the doctrine of equitable estoppel should bar Plaintiffs' obstruction of easement claim is identical to their argument for estoppel by silence. Therefore, the Court finds that the doctrine of equitable estoppel does not bar Plaintiffs' claim against the Libous Defendants.

-11-

### 7. abandonment

The Libous Defendants contend that, by not attempting to use the easement for over twenty years and remaining silent when a fence was constructed around the subject property, Plaintiffs abandoned their alleged easement.

> Although an easement created by grant may be lost by abandonment, an owner is under no obligation to make use of his property, and an abandonment does not result by nonuse alone . . . .  It results only when there is a nonuse accompanied by an intention to abandon on the part of the owner . . . .

*Consol. Rail Corp. v. MASP Equip. Corp.*, 67 N.Y.2d 35, 39 (1986) (internal citations omitted). The party asserting abandonment must prove the intent to abandon by "'clear and convincing proof . . . .'" *Id.* at 39-40 (quotation and other citation omitted). The Libous Defendants have failed to produce clear and convincing evidence of Plaintiffs' intent to abandon their alleged easement. Therefore, the Court finds that abandonment does not bar Plaintiffs' claim against the Libous Defendants.

### 8. quasi estoppel by election

The doctrine of quasi estoppel by election arises when a party, with knowledge of the relevant facts, takes contrary positions at different points in time and, consequently, prejudices another party. *See Chautauqua County Fed'n of Sportsmens Club, Inc. v. Caflisch*, 15 A.D.2d 260, 264 (4th Dep't 1962) (quotation omitted). The Libous Defendants' contention that Plaintiffs remained silent in the face of alleged infringements of their easement rights does not indicate an adoption of contrary positions. Therefore, the Court finds that the doctrine of quasi estoppel by election does not bar Plaintiffs' obstruction of easement claim.

*9. summary*

The Libous Defendants have not shown that any of the legal doctrines that they advance bars Plaintiffs' obstruction of easement claim. Nevertheless, the Court notes that the record suggests that the Libous Defendants may be able to succeed on the merits of Plaintiffs' claim. However, the Libous Defendants' Statement of Material Facts does not set forth the location of their house and garage vis-a-vis Plaintiffs' alleged easement. If the Libous Defendant develop the record on this issue, they might be entitled to summary judgment.

**C.     The Bazata Defendants' motion for summary judgment**

Slander of title entails communication falsely casting doubt on the validity of a title, which is reasonably calculated to cause harm and which results in special damages. *See Brown v. Bethlehem Terrace Assocs.*, 136 A.D.2d 222, 224 (3d Dep't 1988) (citation omitted). The elements of injurious falsehood are essentially identical to those of slander of title. *See Rosenbaum v. City of N.Y.*, 5 A.D.3d 154, 155 (1st Dep't 2004) (citations omitted).

The Bazata Defendants contend that Plaintiffs have not identified any false or misleading statements that the Bazata Defendants made. Plaintiffs do not respond to this contention in their memorandum of law. *See* Dkt. No. 228 at Pt. 1. However, in a document that she styles as a "Reply Affidavit," Plaintiff Ruth E. Buck addresses Plaintiffs' claims against the Bazata Defendants. *See* Dkt. No. 228 at Pt. 2 at ¶¶ 7-12.[3] She claims that Defendant Joan Bazata made certain false statements during her deposition. *See id.* at ¶ 9. However, she has not shown how

---

[3] Plaintiff Ruth E. Buck's "Reply Affidavit" is not an affidavit and, thus, not proper summary judgment evidence. *See* Fed. R. Civ. P. 56(e); *Lamberti v. United States*, 22 F. Supp. 2d 60, 71 n.53 (S.D.N.Y. 1998) ("An unsworn declaration not made under penalty of perjury nor stating the document is true is not an affidavit." (citations omitted)).

such statements caused her special damages. She also directs the Court to portions of Defendant Thomas Libous' deposition that she contends show that the Bazata Defendants lied about the extent of Plaintiffs' easement. *See id.* at ¶ 12. However, she does not cite to Defendant Thomas Libous' deposition directly. She instead refers the Court to another affidavit in which she claims to provide excerpts from Defendant Thomas Libous' deposition. *See* Affidavit of Ruth E. Buck, sworn to January 11, 2005 ("Plaintiff Affidavit"), Dkt. No. 233 at Pt 2, at ¶¶ 81-82. However, any statements that Defendant Thomas Libous made at his deposition concerning what the Bazata Defendants allegedly told him are hearsay that does not fall within any of the hearsay exceptions and, thus, are not proper summary judgment evidence. *See* Fed. R. Evid. 401; Fed. R. Civ. P. 56(e). Furthermore, "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." *See* Fed. R. Civ. P. 56(e). Plaintiffs have neither provided a certified copy of Defendant Thomas Libous' deposition nor cited to such a copy in the record.[4] Accordingly, since Plaintiffs have submitted no evidence indicating that the Bazata Defendants made any false or misleading statements that caused Plaintiffs special damages, the Court grants the Bazata Defendants' motion for summary judgment.

**D.     Defendant Proffit's motion for summary judgment**

Defendant Proffit's Statement of Material Facts does not contain citations to the record in support of her factual assertions. *See* Dkt. No. 216 at Pt. 29. Therefore, the Court could deny her motion for failure to comply with the local rules. *See* L.R. 7.1(a)(3).

---

[4] Indeed, the record does not contain any copy of Defendant Thomas Libous' deposition.

However, even if the Court accepts Plaintiffs' account of the facts, there is no genuine issue with respect to whether Defendant Proffit is liable to them for slander of title and injurious falsehood. Although Plaintiffs do not address their claims against Defendant Proffit in their memorandum of law, Plaintiff Ruth E. Buck addresses those claims at length in her affidavit. *See* Plaintiff Affidavit at ¶¶ 7-62. However, she fails to present any relevant summary judgment evidence indicating that Defendant Proffit made false or misleading statements that caused Plaintiffs special damages. First, Plaintiff Ruth E. Buck relies on the deposition testimony of Aimee Mitchell. *See* Plaintiff Affidavit at Exhibit "F." However, this deposition is not certified and, thus, is not summary judgment evidence. *See* Fed. R. Civ. P. 30(f)(1), 56(e). Second, Plaintiff Ruth E. Buck cites to statements that Defendant Proffit purportedly made during her deposition. However, Plaintiff Ruth E. Buck neither attaches Defendant Proffit's deposition to her affidavit nor cites to where Defendant Proffit's deposition is in the record. Furthermore, any false or misleading statements that Defendant Proffit might have made during her deposition itself could not have caused special damages relevant to Plaintiffs' claims against her. Third, Plaintiff Ruth E. Buck asserts that Defendant Proffit lied in her response to Plaintiffs' interrogatories. Again, any false or misleading statement in such a response could not have caused special damages relevant to Plaintiffs' claims. Fourth, Plaintiff Ruth E. Buck relies upon the deposition of Richard Buck, a purported copy of which she attaches to her affidavit. *See* Plaintiff Affidavit at Exhibit "N." However, this copy is not certified and, thus, is not proper summary judgment evidence. *See* Fed. R. Civ. P. 30(f)(1), 56(e). Fifth, Plaintiff Ruth E. Buck cites to the deposition of Defendant Joan Bazata as containing evidence of Defendant Proffit's false and misleading statements. However, any statements that Joan Bazata made concerning

statements that Defendant Proffit allegedly made are hearsay and, thus, not summary judgment evidence. *See* Fed. R. Evid. 401; Fed. R. Civ. P. 56(e). Sixth, Plaintiff Ruth E. Buck refers to an affidavit to which she asserts Defendant Proffit swore on July 12, 2001, that allegedly contained false statements. However, Plaintiff Ruth E. Buck has not attached this affidavit to her affidavit. *See* Fed. R. Civ. P. 56(e). Finally, Plaintiff Ruth E. Buck refers to a survey that contains a notation purportedly reflecting information that the surveyor received from Defendant Proffit. *See* Plaintiff Affidavit at Exhibit "T." However, this notation is hearsay insofar as Plaintiffs offer it as evidence of what Defendant Proffit told the surveyor.

Since Plaintiffs have failed to produce any relevant summary judgment evidence indicating that Defendant Proffit made false or misleading statements that caused them special damages, the Court grants Defendant Proffit's motion for summary judgment.

**E.    Plaintiffs' motion**

   *1. injunctive relief*

Plaintiffs do not specify the nature of the injunctive relief that they request. However, it appears that they desire a preliminary injunction requiring Defendants to remove any obstructions from Plaintiffs' alleged easement and barring Defendants from interfering with Plaintiffs' enjoyment of their alleged easement.[5]

In order for Plaintiffs to obtain a preliminary injunction, they

> must demonstrate (1) that [they] will be irreparably harmed in the absence of an injunction, and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of the case to make

---

[5] Insofar as Plaintiffs are seeking a temporary restraining order, they have failed to comply with the prerequisites for such relief. *See* L.R. 7.1(b)(2), (f).

> them a fair ground for litigation, and a balance of hardships tipping
> decidedly in [their] favor.

*Forest City Daly Hous., Inc. v. Town of N. Hempstead*, 175 F.3d 144, 149 (2d Cir. 1999) (citation omitted).  Plaintiffs have not argued how they would be irreparably harmed in the absence of an injunction.  "As a general rule, . . . a party may not obtain injunctive relief where it is claiming a loss that can be adequately remedied by an award of money damages." *In re Feit & Drexler, Inc.*, 760 F.2d 406, 416 (2d Cir. 1985) (citations omitted).  Plaintiffs have not explained why, if Defendants have obstructions on Plaintiffs' alleged easement during the duration of this action or wrongfully interfere with Plaintiffs' enjoyment of their alleged easement, injunctive relief at the conclusion of this action and money damages in a later suit for obstruction of easement would not provide an adequate remedy.  Accordingly, the Court denies Plaintiffs' motion for a preliminary injunction.

### 2. *declaratory relief*

Plaintiffs seek, pursuant to Rule 57 of the Federal Rules of Civil Procedure and New York Civil Practice Law and Rules § 3001, a declaratory judgment that declares their rights under their title.  "[H]owever, Rule 57 does not provide a basis for making a motion; it just acknowledges the availability of declaratory judgment as a remedy." *Fusco v. Rome Cable Corp.*, 859 F. Supp. 624, 628 (N.D.N.Y. 1994) (footnote omitted).  Furthermore, § 3001 "does not apply to federal court proceedings." *Phoenix Home Life Mut. Ins. Co. v. Brown*, No. 93-CV-0990, 1997 WL 627637, *4 n.8 (W.D.N.Y. Oct. 7, 1997).  Accordingly, the Court denies Plaintiffs' motion for declaratory relief.

### 3. *decree quieting title*

Although Plaintiffs move for a decree quieting title as an alternative remedy to a declaratory judgment, they have presented no argument concerning their entitlement to such a remedy. Furthermore, Plaintiffs did not seek such a remedy in their amended complaint. Accordingly, the Court denies Plaintiffs' motion for a decree quieting title.

### 4. *order of partition or sale*

Partition or sale is a remedy available for disputes involving tenancy. *See* N.Y. Real Prop. Acts. § 901 (McKinney 2005). Plaintiffs have neither alleged nor presented any evidence that they possess a tenancy interest in the subject property. Accordingly, the Court denies Plaintiffs' motion for an order of partition or sale.

### 5. *order for removal of structures*

Although Plaintiffs request an order for the removal of structures from the subject property, they have not stated upon what procedural basis they seek this relief. As the Court noted above, Plaintiffs are not entitled to a preliminary injunction because, *inter alia*, they have not argued that they would suffer irreparable injury in the absence of such a remedy. Furthermore, they have not moved for summary judgment. Accordingly, since Plaintiffs have articulated no basis for this Court to grant them an order for the removal of structures from the subject property, the Court denies this portion of Plaintiffs' motion.

### 6. *protective relief concerning certain discoverable material*

Although Plaintiff Ruth E. Buck concedes that she understands that a party must "usually" present discovery matters first to the assigned Magistrate Judge, *see* Certification of

Ruth E. Buck, made November 29, 2004, Dkt. No. 222 at Pt. 1, at ¶ 11, she gives no indication that she presented this dispute to Magistrate Judge Peebles. Contrary to Plaintiffs' understanding, a party should not only "usually" present discovery matters first to the assigned Magistrate Judge, but must first do so. *See* L.R. 7.1(d)(3). Accordingly, the Court denies Plaintiffs' request for protective relief concerning certain discoverable material.

### *7. change of venue*

On January 7, 2004, Magistrate Judge Peebles issued a Uniform Pretrial Scheduling Order that provided, in pertinent part, that "**VENUE MOTIONS** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1(b)2 and are to be made returnable before the assigned Magistrate Judge." *See* Dkt. No. 120 at 1. Plaintiffs' motion for a change of venue is defective in several respects. First, because they filed it on December 6, 2004, it is untimely. *See* Dkt. No. 222. Second, they did not make their motion returnable before Magistrate Judge Peebles. Third, they present no evidence that they have complied with the local rules by conferring with the other parties on this matter. *See* L.R. 7.1(b)(2). Accordingly, the Court denies Plaintiffs' motion for a change of venue.

### IV. CONCLUSION

After carefully considering the file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that the Libous Defendants' motion for summary judgment is **DENIED**; and the Court further

**ORDERS** that the Bazata Defendants' motion for summary judgment is **GRANTED**;

Case 3:02-cv-01142-FJS-DEP   Document 237   Filed 06/20/05   Page 20 of 20

and the Court further

**ORDERS** that Defendant Proffit's motion for summary judgment is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' motion for various forms of relief is **DENIED** in all respects.

**IT IS SO ORDERED.**[6]

Dated: June 20, 2005
       Syracuse, New York

                                                    _____
                                                    Frederick J. Scullin, Jr.
                                                    Chief United States District Court Judge

---

[6] As a result of this Order, the only claim remaining in this action is Plaintiffs' claim against the Libous Defendants for obstruction of easement.

-20-