**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**RUTH E. BUCK and DONALD J. BUCK,**

                            **Plaintiffs,**

                    v.                                      3:02-CV-1142
                                                                                  (FJS/DEP)

**THOMAS LIBOUS and FRANCES LIBOUS,**

                            **Defendants.**

_____

**APPEARANCES**                                       **OF COUNSEL**

**RUTH E. BUCK
DONALD J. BUCK**
Red Bank, New Jersey 07701-1221
Plaintiffs *pro se*

**YOUNG & YOUNG**                          **JOHN W. YOUNG, ESQ.**
22 Riverside Drive
Binghamton, New York 13905
Attorneys for Defendants Thomas and
Frances Libous

**SCULLIN, Chief Judge**

## ORDER[1]

       Currently before the Court is Defendants Thomas and Frances Libous' ("Defendants")

motion (1) to amend the Statement of Material Facts and Memorandum of Law that they

previously submitted and (2) for reconsideration, pursuant to Rules 52(b) and 60(b)(1) of the

Federal Rules of Civil Procedure and Rule 7.1(g) of the Local Rules, of the Court's June 20,

---

     [1] The Court described the factual background underlying Plaintiff's claims against Defendants in its June 20, 2005 Memorandum-Decision and Order and, therefore, will not repeat those facts here. *See* Dkt. No. 237 at 2-4.

2005 Memorandum-Decision and Order ("MDO"), in which it, *inter alia*, denied Defendants' motion for summary judgment and denied Plaintiffs' motion for various forms of relief. Also before the Court is Plaintiffs' request for additional time to file papers in response to Defendants' instant motion.

In this District, there are generally only three grounds that justify reconsideration, pursuant to Local Rule 7.1(g), of a court's order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct a clear error or prevent manifest injustice." *ITT Commercial Fin. Corp. v. Harsco Corp.*, No. 91 CV 0793, 1999 WL 6922, *1 (N.D.N.Y. Jan. 6, 1999) (citations omitted).[2] Defendants have not identified any of these grounds in their motion papers. Their contention that they "inadvertently and/or excusably omitted pertinent facts in the Statement of Material Facts," *see* Dkt. No. 240 at Pt. 3 at 1, neither states a ground for reconsideration nor is supported by the record. Their summary judgment papers indicate a clear intent on their part to procure summary judgment by asserting various legal bars to Plaintiffs' cause of action rather than by establishing their entitlement to judgment

---

[2] Although Defendants also move pursuant to Rules 52(b) and 60(b)(1) of the Federal Rules of Civil Procedure, neither provision is applicable. Since a court engages in no fact-finding when it decides a summary judgment motion, a party may not use a Rule 52(b) motion to seek reconsideration of such a decision. *See DeLong Corp. v. Raymond Int'l, Inc.*, 622 F.2d 1135, 1138 n.2 (3d Cir. 1980), *overruled on other grounds by Croker v. Boeing Co. (Vertol Div.)*, 662 F.2d 975, 983 (3d Cir. 1981). Rule 60(b) only applies to "a *final* judgment, order, or proceeding." Fed. R. Civ. P. 60(b) (emphasis added). Although the construction of Rule 60(b) may leave some doubt about whether "final" extends to "order" and "proceeding," case law indicates that it clearly does. *See Indem. Ins. Co. of N. Am. v. Reisley*, 153 F.2d 296, 299 (2d Cir. 1946) (footnote omitted); *Cancel v. Mazzuca*, No. 01 Civ. 3129, 2002 WL 1891395, *3 (S.D.N.Y. Aug. 15, 2002) (quotation omitted). Therefore, since "an order denying summary judgment or granting partial summary judgment . . . is nonfinal," *LaTrieste Rest. & Cabaret, Inc. v. Vill. of Port Chester*, 96 F.3d 598, 599 (2d Cir. 1996) (citation omitted), a party may not seek relief from such an order pursuant to Rule 60(b).

on the merits of Plaintiffs' claim.[3] Although their papers included the property surveys that they now ask the Court to consider, their Statement of Material Facts made no reference to those surveys. A Statement of Material Facts is not a mere formality. It serves the vital functions of (1) identifying the factual assertions upon which the moving party relies to show that, upon the undisputed facts, it is entitled to judgment as a matter of law; (2) citing those portions of the record that the moving party believes support its assertions; and (3) providing the non-moving party notice and an opportunity to respond by either admitting the assertions or denying them with countercitations to the record. *See* L.R. 7.1(a)(3). By not addressing the facts that go to the merits of Plaintiffs' claim, Defendants deprived Plaintiffs of their opportunity to respond. Defendants' request that the Court now consider their surveys as the basis for their motion for reconsideration continues to deprive Plaintiffs of the opportunity to respond that the summary judgment procedure is designed to provide them.

Accordingly, the Court hereby

**ORDERS** that Defendants' motion to amend their summary judgment papers and for reconsideration of the Court's MDO is **DENIED**; and the Court further

---

[3] Defendants' argument that they failed to develop certain facts in their papers because they understood the Court's September 29, 2004 Memorandum-Decision and Order to have resolved the issue that they now seek to develop in their amended papers – which is whether they had obstructed the ten-foot strip on the north side of their property – is incredible. First, the Court clearly did not resolve this issue. The Court merely noted that, because Plaintiffs claim an interest in the entire property, Defendants' appraisal of the value of the ten-foot strip was not dispositive of the amount in dispute in this action. *See* Dkt. No. 203 at 7-8. Second, even if the Court had resolved the issue of whether Defendants had obstructed the ten-foot strip, their papers also failed to address whether Plaintiffs' interest was indeed limited to the ten-foot strip. Defendants could not prevail on the merits of Plaintiffs' claim unless they established both the extent of the easement and the location of potential obstructions. Third, if they had understood the Court to have resolved this issue, there was no need for them to address in their papers all the various potential bars to this action.

**ORDERS** that Defendants may file a new motion for summary judgment within **fourteen (14) days** of the date of this Order; and the Court further

**ORDERS** that Plaintiffs' request for additional time to file papers in response to Defendants' instant motion is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: August 17, 2005
 Syracuse, New York

_____
Frederick J. Scullin, Jr.
Chief United States District Court Judge