UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RUTH E. BUCK and DONALD J. BUCK,

                           **Plaintiffs**

                           v.                                      3:02-CV-1142
                                                              (FJS/DEP)

TOWN OF SANFORD; TOWN OF SANFORD ZONING BOARD OF APPEALS; JOHN CLEARY, individually and as Chairman, Town of Sanford Zoning Board of Appeals; GERALD KNAPP, individually and as member of the Town of Sanford Zoning Board of Appeals; GEORGE SHIRKEY, individually and as member of the Town of Sanford Zoning Board of Appeals; KIRK DECKER, individually and as member of the Town of Sanford Zoning Board of Appeals; WALTER OTTENS, individually and as Code Enforcement Officer of the Town of Sanford; THOMAS LIBOUS; FRANCES LIBOUS; COUGHLIN & GERHART; PEARIS, RESSEGUIE, KLINE & BARBER, LLP; FIDELITY NATIONAL TITLE COMPANY OF NEW YORK; JOHN DOES, whose identities are yet unknown; JANE DOES, whose identities are yet unknown; JOSEPH BAZATA; JOAN BAZATA; LOUISE PROFFIT; BETH E. WESTFALL; ROOT 2 ARCHITECTURE & ENGINEERING; and GREG CHIANIS, individually and as Architect for Root 2 Architecture & Engineering,

                           **Defendants.**
_____

**APPEARANCES**                                                  **OF COUNSEL**

**RUTH E. BUCK and DONALD J. BUCK**
Red Bank, New Jersey 07701
Plaintiffs *pro se*

**YOUNG & YOUNG**                                 **JOHN W. YOUNG, ESQ.**
22 Riverside Drive
Binghamton, New York 13905
Attorneys for Defendants Thomas Libous
and Frances Libous

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Currently before the Court is Defendants Thomas and Frances Libous' (hereinafter "Defendants") second summary judgment motion on Plaintiffs' obstruction-of-easement claim. On June 20, 2005, the Court denied Defendants' first motion for summary judgment. In support of that motion, Defendants did not argue the merits but, instead, argued that several legal and equitable doctrines barred Plaintiffs' claim. Specifically, Defendants relied on (1) the doctrine of res judicata, (2) the statute of limitations, (3) the doctrine of laches, (4) the doctrine of estoppel by silence, (5) the doctrine of collateral estoppel, (6) the doctrine of equitable estoppel, (7) the doctrine of abandonment, and (8) the doctrine of quasi estoppel by election. The Court rejected Defendants' arguments but noted that they might be entitled to summary judgment on the merits if they set forth the location of their construction vis-a-vis Plaintiffs' claimed easement. *See* Dkt. No. 237 at 13.

Next, the Court denied Defendants' motion to reconsider on August 17, 2005. At that time, the Court noted that Defendants' motion papers indicated a clear intent to seek summary judgment based on the doctrines above rather than establishing entitlement to judgment on the merits. *See* Dkt. No. 244 at 2-3. In addition, the Court noted that Defendants had not addressed whether Plaintiffs' interest was limited to the ten-foot strip in question, stating that "Defendants could not prevail on the merits of Plaintiffs' claim unless they established both the extent of the easement and the location of potential obstructions." *See id.* at 3 n.3. Nevertheless, the Court allowed Defendants fourteen days in which to file a new motion for summary judgment.

The current motion is Defendants' second motion for summary judgment, which repeats essentially the same legal and equitable doctrines as their first motion for summary judgment.[1] In addition, Defendants state that no genuine issue of material fact exists concerning Plaintiffs' obstruction-of-easement claim. Finally, Defendants request that the Court enter a declaratory judgment in their favor.

## II. BACKGROUND[2]

On October 1, 1955, Frances and Alvah E. Chandler purchased approximately twenty-two acres of land at the southeast corner of Oquaga Lake Road and Golf Course Road, in the Town of Sanford, New York, which was comprised of tax map parcels #218.16-29, #218.16-35, #218.16-36, #218.16-37, and #218.16-38. On August 11, 1961, Frances Chandler sold parcel #37, together with an easement and right of way to the lake over parcel #29, to Richard P. and

---

[1] In support of their motion, Defendants rely on (1) the doctrine of laches, (2) the doctrine of res judicata, (3) the statute of limitations, (4) estoppel by silence, (5) the doctrine of mootness, (6) the doctrine of collateral estoppel, (7) the doctrine of equitable estoppel, and (8) the doctrine of quasi estoppel by election. Defendants explain in their reply memorandum that these arguments "have previously been ruled against by the Court, but are again resubmitted not only because the defendants believe they are applicable and relevant, but also to protect the theories in the event of an appeal on this action." *See* Defendants' Reply Memorandum of Law at 1. The Court notes that this repetition is unnecessary and obscures the point of Defendants' second summary judgment motion – i.e. to show that no genuine issue of material fact exists to support Plaintiffs' claim on the merits.

[2] Plaintiffs again failed to respond to Defendants' Statement of Material Facts. The Court's previous orders in this case provided Plaintiffs with notice of the nature and purposes of Local Rule 7.1, as well as the consequences of disregarding the rule. *See* Dkt. No. 237 at 2 n.1; Dkt. No. 244 at 3. Therefore, the Court deems Plaintiffs to have admitted the assertions contained in Defendants' Statement of Material Facts. *See* L.R. 7.1(a)(3). Accordingly, the facts are not in dispute.

Theresa M. Buck.  The indenture effecting this transaction provided, in pertinent part, that

> [t]here is likewise conveyed herewith by the grantor herein, Frances K. Chandler, the following special rights and privileges:
>
> 1.  An easement and right of way which shall be a covenant running with the land to the grantees, their assigns and to the survivor of them, his or her distributees and assigns, to use the remaining land now owned by Frances K. Chandler as set forth in a Deed recorded in the Broome County Clerk's Office in Book 910 of Deeds at Page 123 and fronting on and adjoining Oquaga Lake as well as the lake itself to the extent of Frances K. Chandler's rights therein for, but not limited to, boating, swimming, water skiing, picnicking, fishing, skating, use of the existing dock and otherwise to enjoy said land and lake.  The grantees, their assigns and the survivor of them, his or her distributees and assigns, agree to pay their proportionate share of the expense of maintaining or replacing the existing dock as there are separate ownerships of land with the right to use said dock.
>
> 2.  A single right of way over the remaining lands of the party of the first part from the land herein conveyed to the parties of the second part, their assigns and to the survivor of them, his or her distributees and assigns, adequate for foot or vehicular traffic as is necessary to enable the grantees, their assigns and to the survivor of them, his or her distributees and assigns, to enjoy the aforementioned assessment, said right of way so used to be as it now exists in its present location and width.
>
> 3.  The grantees, their assigns and the survivor of them, his or her distributees and assigns, shall have the right and privilege to convey the aforesaid easement along with any conveyance of title by them of the whole or part thereof, and this right shall not be split among owners but shall be conveyed as a single right to go with the premises hereby conveyed or part thereof without further division.

*See* Dkt. No. 250 at Exhibit "N" at 3.  On August 3, 1964, Richard P. and Theresa Buck sold their fee interest in parcel #37 to Joseph M. and Susan N. Buck.  Thereafter, Joseph M. and

Susan N. Buck sold their fee interest in parcel #37 to Plaintiffs.

On May 4, 1983, Frances Chandler conveyed parcels #29 and #38 to Louise Profitt, Mary L. Bausch, and Jon A. Chandler, who subsequently conveyed the parcels to Joseph and Joan Bazata on May 5, 1985. The Bazatas conveyed parcel #38, as well as a ten-foot easement along the northern boundary of parcel #29, to Joseph and Glenda Lichaa on August 7, 1989. The Bazatas conveyed parcel #29 ("subject property") to Defendants Thomas and Frances Libous on December 3, 2000. On January 21, 2001, Defendants entered into a modification/clarification agreement with Scott's Oquaga Realty, LLC, clarifying and specifically designating the location, width, and nature of the easement over parcel #29; the easement was fixed to a width of ten feet along the northern boundary of parcel #29.

During June and July of 2001, Plaintiffs sent Defendants letters concerning their alleged interests in parcel #29. In September/October 2001, Defendants cleared parcel #29 and commenced construction of a house and garage. They substantially completed the construction in July 2002. However, Defendants did not take any action to obstruct the ten-foot wide area along the northern boundary of their parcel. The only potential impediments in this area are a telephone pole and guy wire, as well as a number of small pine trees. These objects have existed in the area for approximately twenty years or more.

On September 5, 2002, Plaintiffs commenced this action asserting that Defendants obstructed their easement.[3]

---

[3] Plaintiffs' obstruction-of-easement claim against Defendants is the only remaining claim in this action.

## III. DISCUSSION

Defendants contend that there is no genuine issue of material fact concerning the location of Plaintiffs' easement and Defendants' lack of interference with the easement. *See* Affidavit of John W. Young, Esq. ("Young Aff."), sworn to Aug. 29, 2005, at ¶¶ 58, 60.

To establish disturbance of or interference with an easement, the plaintiff must show that the servient owner has done something that "wrongfully interferes with the privilege to which the owner of the easement is entitled by making its use less convenient and beneficial to him or her." Elizabeth Williams, 49 N.Y. Jur. 2d, *Easements* § 134 (2007) (footnote omitted). Therefore, the servient owner cannot obstruct the easement in violation of the terms under which it was granted. *See id.* (footnotes omitted).

Defendants establish the location of Plaintiffs' easement as an "existing road or right of way [that] consisted of two tire tracks, approximately six to eight foot wide, running contiguous and adjacent to the northern boundary" of their parcel. *See* Defendants' Statement of Material Facts at ¶ 19 (citations omitted). As noted above, the Court deems Plaintiffs to have admitted this fact pursuant to Rule 7.1(a)(3) of the Local Rules of Civil Procedure. In addition, the Court finds that Defendants have produced independent evidence to support this fact. A neighbor, Ralph Russell, states that the right of way is located along the northern border of Defendants' property and that he has witnessed renters using that right of way only.[4] *See* Affidavit of Ralph Russell ("Russell Aff."), sworn to Aug. 24, 2005, at ¶¶ 12, 16-17. Mr. Russell also states that "[t]here was no road or right of way down through the middle of the parcel presently owned by

---

[4] Both Plaintiffs and Defendants use the terms "easement" and "right of way" interchangeably in their submissions.

the Libouses." *See id.* at ¶ 18.  Moreover, Louise A. Profitt states that "[t]he easement and right of way to and from the lake road granted to Richard P. Buck and Theresa M. Buck . . . was restricted and limited to the grass path then existing with tire tracks, which . . . was located on a ten foot strip of land contiguous to the northerly boundary of tax map parcel #218 16-29." *See* Affidavit of Louise A. Proffitt ("Proffitt Aff."), sworn to Aug. 29, 2005, at ¶ 11.  Finally, Defendants reference survey maps which illustrate the easement as a limited path along the northern boundary of Defendants' parcel.  *See* Defendants' Appendix at Exhibits "TT" and "VV."

Defendants also establish that they "have not built or erected, placed or permitted to be placed, any structure, object, tree, pole or the like on the easement so as to compromise, obstruct or occlude the right of ingress/egress or easement of the plaintiffs' (and others) for ingress/egress to the lakefront."  *See* Defendants' Statement of Material Facts at ¶ 60 (citations omitted).  As noted above, the Court deems Plaintiffs to have admitted this fact pursuant to Rule 7.1(a)(3) of the Local Rules of Civil Procedure.  In addition, the Court finds that Defendants have produced independent evidence to support this fact.  In their affidavit, Defendants state the following:

> 30. The easements . . . were protected and preserved and continue to exist as of this time . . . .
>
> 31. The north side of the garage is 12.2 feet from the northern boundary of Lot 29.  A plurality of small scotch Pines are in existence and situated in the easement, however, they were there when we purchased the property.  We did not plant them.  Any of the parties who have easement rights and claim that they obstruct or occude the easement are free to remove the same.
>
> 32. A NYSEG telephone pole and its guide wires are near or at the end of the easement; the pole . . . upon information and belief, has

       existed for at least twenty (20) years.

*See* Affidavit of Thomas and Frances Libbous ("Libbous Aff."), sworn to Aug. 30, 2005, at ¶¶ 6, 30-32.

The Court finds that these undisputed facts establish that Plaintiffs' easement was restricted to an approximately ten-foot wide path at the northern boundary of Defendants' parcel and that Defendants did not obstruct the easement. Therefore, the Court finds that no genuine issues of material fact exist concerning Defendants' alleged obstruction of Plaintiffs' easement. Accordingly, the Court grants Defendants' motion for summary judgment on Plaintiffs' obstruction-of-easement claim.[5]

### IV. CONCLUSION

Accordingly, after reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' motion for summary judgment on Plaintiffs' obstruction-of-easement claim is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court enter judgment and close this case.

**IT IS SO ORDERED.**

---

[5] The Court notes that this decision reaches essentially the same result as granting Defendants' summary judgment on their counterclaim for a declaratory judgment concerning the scope of the easement and their non-obstruction of the easement. Therefore, the Court will not address Defendants' request for a declaratory judgment.

Dated: March 28, 2007
      Syracuse, New York

                                                            Frederick J. Scullin, Jr.
                                                            Senior United States District Court Judge