**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RUTH E. BUCK and DONALD J. BUCK,**

                                        **Plaintiffs,**


                    **v.**                                    **3:02-CV-1142**
                                                                   **(FJS/DEP)**

**THOMAS LIBOUS and FRANCES LIBOUS,**

                                        **Defendants.**
_____

**APPEARANCES**                                    **OF COUNSEL**

**RUTH E. BUCK**
Red Bank, New Jersey 07701-1221
Plaintiff _pro se_

**DONALD J. BUCK**
Red Bank, New Jersey 07701-1221
Plaintiff _pro se_

**MITCHELL SILBERBERG &**                    **JAMES E. SCHWARTZ, ESQ.**
**KNUPP LLP**
12 East 49th Street, 30th Floor
New York, New York 10017
Attorneys for Defendants

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

At a conference on June 7, 2010, Defendants' counsel raised several issues.  The Court

resolved all of them except for the issue of whether Plaintiffs were entitled to a jury trial, i.e.,

Defendants' request/motion to strike Plaintiffs' jury demand.  Defendants argued that, because

Plaintiffs sought a mandatory injunction to compel Defendants to remove alleged obstructions

from an easement, which was an equitable claim, Plaintiffs did not have a right to a jury trial.

The Court reserved decision and instructed the parties to file briefs setting forth their positions with respect to this issue, which they have done.  *See* Dkt. Nos. 276, 279.

The Court has reviewed the parties' submissions and the applicable law, and the following constitutes the Court's written resolution of this issue.

## II. BACKGROUND[1]

In their amended complaint, Plaintiffs asserted that they had brought this action "to redress deprivation of rights and property contrary to New York State law, through Article 15 of the Real Property Actions and Proceedings Law, and Action to Recover Real Property, and also seeking relief in equity[.]"  *See* Amended Complaint at ¶ 1.  Plaintiffs sought "monetary compensation and damages, and injunctive relief pursuant to 28 U.S.C. 2201[,]" *see id.* at ¶ 1(b), and demanded a jury trial.

Plaintiffs claimed that Defendants "participated in actions that destroyed [P]laintiffs' broad rights in valuable water front property."  *See id.* at ¶ 4(a).  In addition, Plaintiffs asserted that Defendants had "built upon and obstructed [P]laintiffs' access to the water's edge of Oquaga Lake, and constructed buildings and prevented [P]laintiffs' use of their property rights for recreational purposes."  *See id.* at ¶ 4(c).  Plaintiffs contended that, by engaging in these activities, and others, Defendants "caused . . . [P]laintiffs deprivation of use of their property, rendering it useless and of little or no value, and caused . . . [P]laintiffs anguish, anxiety, and

---

[1] For purposes of this section, the Court discusses only those portions of Plaintiffs' amended complaint that pertain to the remaining Defendants, Thomas Libous and Frances Libous.

stress and irreparably injured and caused . . . [P]laintiffs to continue to suffer irreparable injury."

*See id.* at ¶ 4(d).

Specifically, with regard to Defendants Thomas Libous and Frances Libous, Plaintiffs

alleged that,

> [o]n or about December 5, 2001 [D]efendants, State Senator
> Thomas Libous, and his wife, Frances Libous, acquired the subject
> property at the corner of Golf Course Road and Oquaga Lake Road
> as recorded in Broome County offices at Book 1952, Page 656.
> Broad rights in said property, including rights for recreational
> activities, for foot and vehicular traffic, and rights equal to those of
> the owner, . . . had already been conveyed to . . . [P]laintiffs by
> deed dated January 11, 1967 and recorded in Broome County
> offices at Liber 1117, Page 76 on February 24, 1967.

*See id.* at ¶ 6(a).

According to Plaintiffs, Defendants acquired nothing more than "easement and right-of-way

property[.]"  *See id.*

Furthermore, Plaintiffs claimed that, notwithstanding Plaintiffs' rights, Defendants

> built a large house and large, two-story structure called a garage,
> and landscaped, and moved dirt and destroyed and covered over
> the existing right-of-way driveway described in deed, contrary to
> the rights of [P]laintiffs, and causing damage to [P]laintiffs'
> rights including obstructing access to Oquaga Lake and obstructing and
> destroying their rights for picnicking, fishing, boating, and other
> recreational activities as provided by the recorded deed dated
> January 11, 1967.

*See id.* at ¶ 6(b).

Plaintiffs asserted that,

> [e]ven after complaint to . . . [D]efendants, Thomas Libous and
> others continued to construct, build, destroy, obstruct, alter, and
> move dirt in the easement and right-of-way property, and continued
> to do so through the summer of year 2002 and continue to occupy

-3-

> house and garage, all obstructing [P]laintiffs' use of their
> waterfront recreational property rights.

*See id.* at ¶ 6(c).

Finally, Plaintiffs contended that they "own[ed] a cottage across the road from the subject

property and a parcel of twenty-one acres across the Lake.  The value of those properties, because

of obstruction to Oquaga Lake, was damaged and reduced."  *See id.* at ¶ 7(c).

      As a result of the actions of all of the Defendants, Plaintiffs demanded the following

types of relief: (1) injunctive relief; (2) declaratory relief; (3) monetary damages; (4)

compensatory damages; (5) punitive damages; (6) special damages; (7) exemplary damages; (8)

restoration of easement and right-of-way; (9) removal of obstructions, including buildings from

the subject easement and right-of-way property; (10) costs; and (11) expenses to remedy and

attempts to remedy and restore Plaintiffs' rights.  *See id.* at WHEREFORE Clause.


### III. DISCUSSION

      New York Civil Practice Law and Rules § 4101 provides, in pertinent part, that, "[i]n the

following actions, the issues of fact shall be tried by a jury unless a jury trial is waived . . . except

that equitable defenses and equitable counterclaims shall be tried by the court: . . . 2. an action . .

. for determination of a claim to real property under **article fifteen of the real property actions

and proceedings law** . . . ."  N.Y. C.P.L.R. § 4101(2) (emphasis added).

      Section 1501 of New York's Real Property Actions and Proceedings Law provides, in

pertinent part, that any "person [who] claims an . . . interest in real property . . . may maintain an

action against any other person . . . to compel the determination of any claim adverse to that of

the plaintiff which the defendant makes, or which it appears from the public records, or from the

allegations of the complaint, the defendant might make . . . ."  N.Y. Real Prop. Acts. Law

§ 1501(1).

    To maintain an action under Article 15, the plaintiffs must state in their complaint that

they are bringing their action pursuant to Article 15, and they must set forth facts showing the

following:

> a. The plaintiff's . . . interest in the real property, the particular
> nature of such . . . interest, and the source from or means by which
> the plaintiff's . . . interest immediately accrued to him . . . .
>
> b. That the defendant claims, or that it appears from the public
> records or from the allegations of the complaint, that the defendant
> might claim an estate or interest in the real property, adverse to that
> of the plaintiff, and the particular nature of such estate or interest . .
> . .
>
> c. Whether any defendant is known or unknown, and whether any
> defendant is or might be an infant, mentally retarded, mentally ill
> or an alcohol abuser. . . .
>
> d. Whether the judgment will or might affect a person or persons
> not in being or ascertained at the commencement of the action,
> who by any contingency contained in a devise or grant or
> otherwise, could afterward become entitled to a beneficial estate or
> interest in the property involved; and whether every person in
> being who would have been entitled to such estate or interest if
> such event had happened immediately before the commencement
> of the action is named as a party thereto.

N.Y. Real Prop. Acts. Law § 1515(1).

    In addition, "[t]he complaint must describe the property claimed with common certainty,

by setting forth the name of the township or tract and the number of the lot, if there is any, or in

some other appropriate manner, so that from the description possession of the property claimed

may be delivered where the plaintiff is entitled thereto . . . ."  N.Y. Real Prop. Acts. Law

§ 1515(2).

Finally, "[t]he demand for judgment may be to the effect that the defendant and every

person claiming under him be barred from all claim to an estate or interest in the property

described in the complaint, or that possession be awarded the plaintiff or it may combine two or

more of said demands with other demand for appropriate relief."  *Id.*

A final judgment in any action under Article 15

> shall declare the validity of any claim to any estate or interest
> established by any party to the action.  The judgment shall also
> declare that any party whose claim to an estate or interest in the
> property has been adjudged invalid, and every person claiming
> under him, by title accruing after the filing of the judgment-roll, or
> of the notice of the pendency of the action, as prescribed by law, be
> forever barred from asserting such claim to an estate or interest the
> invalidity of which is established in the action, and may direct that
> any instrument purporting to create any such estate or interest be
> delivered up or cancelled of record or be reformed of record as the
> facts may require.  Judgement may also be given awarding
> possession of real property to any party together with his damages
> for the withholding of such property and two or more of such
> forms of judgment may be awarded in the same action.

N.Y. Real Prop. Acts. Law § 1521(1).

In their amended complaint, Plaintiffs have included all of the information required to

maintain an action under Article 15: (1) they have stated that they are bringing this action

pursuant to Article 15, *see* Amended Complaint at ¶ 1; (2) they have provided information about

their interest in the subject property and the source of that interest, *see id.* at ¶ 4; (3) they have

alleged facts to demonstrate that Defendants claim an interest in the subject property adverse to

Plaintiffs' interest, *see id.* at ¶ 6; (4) they have stated that Defendants "are not infants, are not

-6-

known to be mentally incompetent, nor abusers of alcohol," *see id.* at ¶ 3, and that the

"[j]udgment, as demanded, would not adversely affect any persons other than those included

herein," *see id.*  In addition, Plaintiffs describe the subject property in detail.  *See id.* at ¶¶ 4, 6.

Finally, Plaintiffs set forth the relief that they seek.  *See id.* at WHEREFORE Clause.

      In *Lillianfeld v. Lichtenstein*, 181 Misc. 2d 571 (Sup. Ct., Kings County, 1999), the court

addressed facts similar to those in the present case and determined that the plaintiffs were

entitled to a jury trial.  In that case, the plaintiffs sought a permanent injunction enjoining the

defendants from building on a portion of the defendants' rear yard over which the plaintiffs

claimed to have an easement by prescription.  *See id.* at 571.  In addition, the plaintiffs sought a

declaration of the easement over a portion of the defendants' rear yard.  *See id.*  The defendants

contended that, because the complaint sought only equitable relief, the plaintiffs had no right to a

jury trial.  *See id.* at 572 (citation omitted).  The court disagreed, holding that, "[i]nsofar as their

complaint seeks a determination of a claim to real property under article 15 of the RPAPL,

plaintiffs are entitled to a jury trial[.]"  *Id.* (citations omitted).

      The court also noted that, in addition to the plaintiffs' claim for declaratory relief, they

also sought equitable relief in the form of temporary and permanent injunctions and that the

defendants contended that the plaintiffs' inclusion of equitable relief served as a waiver of the

plaintiffs' right to a jury trial.  *See id.*  The court rejected the defendants' argument, holding that

"the right to a jury trial is to be determined by the facts alleged in the complaint and not by the

prayer for relief[.]"  *Id.* (citation omitted).  The court found that "[t]he essence of plaintiffs'

complaint is the request for a declaration of easement.  If the jury determines that plaintiffs have

a right of way over defendants' property, defendants would be precluded from interfering with the

easement regardless of whether the injunctive relief is granted." *Id.* Thus, the court concluded that, although "the complaint seeks temporary and permanent injunctions, such equitable relief is merely incidental to the relief sought pursuant to article 15 of the RPAPL, and thus does not serve as a waiver of the right to a jury trial[.]" *Id.* (citations omitted).

Like the defendants in *Lillianfeld*, Defendants in this case focus on Plaintiffs' request for relief, rather than the facts that Plaintiffs allege in their amended complaint, to support their argument that Plaintiffs are not entitled to a jury trial. Moreover, the cases that Defendants cite to support their arguments are not applicable because they neither address claims brought pursuant to Article 15 of New York Real Property Actions and Proceedings Law nor discuss the effect of § 4101 of New York Civil Practice Law and Rules on such claims.

Had Plaintiffs chosen to bring a common law equitable action to quiet title, Defendants' arguments would have merit; in such a case, Plaintiffs would not be entitled to a jury trial. However, Plaintiffs chose, instead, to bring their claims pursuant to Article 15 of New York Real Property Actions and Proceedings Law and, having done so, § 4101 of New York Civil Practice Law and Rules provides them with a jury trial as of right.

## IV. CONCLUSION

Have reviewed the entire file in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendants' request/motion that the Court strike Plaintiffs' jury demand is **DENIED**; and the Court further

**ORDERS** that Defendants' counsel shall initiate a telephone conference, using a professional telephone conferencing service, with Plaintiffs and the court on **January 19, 2011, at 9:30 a.m.** to set dates for the filing of pretrial papers, for a final pretrial conference, and for the commencement of the trial of this matter.

**IT IS SO ORDERED.**

Dated: January 3, 2011
        Syracuse, New York

_____
Frederick J. Scullin, Jr.
Senior United States District Court Judge